**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JENNINGS V. HELTON, JR.,
<u>Plaintiff-Appellee,</u>

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY; NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY; NATIONWIDE
LIFE INSURANCE COMPANY;

No. 97-1172

NATIONWIDE GENERAL INSURANCE
COMPANY; NATIONWIDE PROPERTY AND
CASUALTY COMPANY; NATIONWIDE
VARIABLE LIFE INSURANCE COMPANY;
COLONIAL INSURANCE COMPANY OF
CALIFORNIA,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CA-95-298-5)

Argued: December 1, 1997

Decided: January 15, 1998

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Henry Jernigan, Jr., JACKSON & KELLY,
Charleston, West Virginia, for Appellants. Michelle Maria Memena

Price, KING, ALLEN & GUTHRIE, Charleston, West Virginia, for Appellee. **ON BRIEF:** Taunja W. Miller, JACKSON & KELLY, Charleston, West Virginia; David L. White, WHITE, SMITH, MORGAN & SCANTLEBURY, L.C., Bluefield, West Virginia, for Appellants. Robert A. Goldberg, KING, ALLEN & GUTHRIE, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellee, Jennings V. Helton, was an exclusive agent for appellants, the Nationwide Insurance Companies. Helton had been an agent (though not always an exclusive one) for the Nationwide Companies for more than twenty years when the Nationwide Companies terminated Helton's agency agreement on March 19, 1993. Helton brought suit in state court alleging, inter alia, that the Companies' termination of their agency agreement with him violated W. Va. Code § 33-12A-1 et seq. (the "Agency Act"). The Nationwide Companies removed the case to federal court.

The Agency Act prohibits an insurance company from terminating an exclusive agency relationship controlled by a written contract in effect for more than five years, except for "good cause" and after giving at least 90 days notice to the agent. W. Va. Code § 33-12A-3. The West Virginia Supreme Court of Appeals held in Shell v. Metropolitan Life Insurance Co., 380 S.E.2d 183 (W. Va. 1989), that the Act violated the contracts clauses of the Federal and West Virginia Constitutions as applied to contracts entered into before the effective date of the Act -- June 1, 1984. Thus, the Agency Act only applies to the contract in this case if it was entered into after that date.

Helton entered into his first written agency agreement with the defendants in 1972. In accordance with the Nationwide Companies'

2

policy, Helton kept the signed agency agreement in a binder, together with supplemental documents. J.A. at 301-02, 367-68. That agreement was replaced by a new, signed agreement in 1974, and thereafter there were sequential replacement agreements in 1977, 1981, and 1983. J.A. at 368-74. Each of the agreements was on a printed form, with the blanks completed by the parties, and signed by both Helton and an authorized representative of the Nationwide Companies. By its terms, each new agency agreement became effective when it was executed and delivered, and it superseded all prior agreements. J.A. at 368-74. Helton was instructed by the Companies to replace the old agency agreement in the binder with the new agreement and to discard the old agreement. J.A. at 301-02, 680-81.

At the time the Nationwide Companies terminated their agency relationship with Helton, his binder contained a completed, signed agency agreement dated February 10, 1983 (the "1983 Agreement"). J.A. at 930-38. The binder also contained an unsigned 1985 form agency agreement (the "1985 Agreement"), the blanks on which were not filled in. J.A. at 951-57. If the 1983 Agreement governed the parties' relationship at the time the Nationwide Companies terminated Helton, then his Agency Act claim is precluded by the Shell decision. Helton contends, however, that both he and the Nationwide Companies evidenced their assent to the 1985 Agreement through their course of conduct and that, since that agreement postdates the effective date of the Agency Act, he has a valid claim under that Act.

The district court submitted to the jury the question of whether the 1983 or 1985 contract was the governing agency contract at the time of Helton's termination, and the jury found that the 1985 Agreement was the governing contract. The jury also found that, although defendants had "good cause" to terminate plaintiff, they had not given him the 90 day notice required by the Agency Act. The jury thus awarded Helton compensatory damages for his termination.

We hold that the district court erred in submitting Helton's Agency Act claim to the jury and denying defendants' motion for judgment as a matter of law. Helton had the burden of proving that the unsigned, incomplete 1985 form Agreement was both assented to and substituted for the signed, completed 1983 Agreement. The 1985 Agreement provides that "[t]he execution and delivery of this Agree-

3

ment shall supersede and take the place of any prior Agreement." J.A. at 957. Thus, by its terms, the 1985 Agreement could only supersede the 1983 Agreement if it was executed and delivered. Indeed, even the parties' preexisting 1983 Agreement provides that it can be "changed, altered, or modified only in writing signed by [the agent] and an officer of the Companies." J.A. at 936.

Not only was the 1985 Agreement unsigned, but it was also incomplete in other respects. As Helton concedes, the 1985 contract was not signed by either party, despite the fact that the concluding provision states that "IN WITNESS WHEREOF, the Agent has signed his name and the Companies have caused their corporate names to be affixed by their duly authorized representative" and also designates lines on which the parties were to sign. J.A. at 957. Moreover, in the 1985 Agreement, the parties had not even filled in the contracting agent's name, the states in which he was authorized to represent the Companies, or the effective date of the contract. See J.A. at 951-57. Whatever the exact contours of the 1985 Agreement's "execution" provision, we believe that as a matter of law it requires more than Helton's receipt of a blank, unsigned form agreement and party conduct arguably consistent with that agreement's terms.

The district court's instruction to the jury that "[a] contract can exist by virtue of the behavior of the parties and does not always require any particular formalities such as a signature to be binding," J.A. at 845 (emphasis added), may correctly state general principles of West Virginia contract law, but in this case the contract language itself appears to preclude proof of assent through a course of conduct rather than through signature or perhaps some other formal manifestation of assent. Even if Helton could prove that the parties' course of conduct evidenced assent to some unwritten, de facto contract that embodied terms similar to those in the 1985 Agreement, this showing would be insufficient to sustain his Agency Act claim in any event, because the Agency Act applies only to written contracts. See W. Va. Code § 33-12A-3.

Accordingly, the district court erred in submitting Helton's Agency Act claim to the jury, and the court's denial of defendants' motion for judgment as a matter of law is therefore reversed.

REVERSED

4